Docket No. 23-2316

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> QUINN FULSTON, <br><br> Appellant. | **MOTION TO DISMISS THIS APPEAL AS UNTIMELY OR, ALTERNATIVELY, FOR SUMMARY AFFIRMANCE AND TO STAY THE ISSUANCE OF A BRIEFING SCHEDULE** |

Patricia S. Dodszuweit, Clerk                Stacy A. Biancamano, Esq.
United States Court of Appeals              sbiancamano@biancamanolaw.com
 for the Third Circuit

Dear Ms. Dodszuweit:

Defendant, Quinn Fulston, pleaded guilty to federal gun and drug charges. He was sentenced to 108 months' imprisonment. Despite receiving a sentence *184 months below* the bottom of his advisory Guidelines range, Fulston filed an untimely *pro se* Notice of Appeal, asserting that he will bring an as-applied challenge to his felon-in-possession conviction.

This Court should dismiss this appeal as untimely or, alternatively, summarily affirm the judgment because "no substantial question is presented" by this appeal. 3d Cir. L.A.R. 27.4 (2011). Pending decision on this motion for summary action, the Government also requests that this Court stay the issuance of a briefing schedule.

A.    **BACKGROUND**

In 2015, Fulston was sentenced in New Jersey Superior Court for second-degree aggravated assault causing serious bodily injury and distribution of heroin. PSR ¶¶ 54-55.[1]  He was released on parole in January 2017. PSR ¶¶ 54-55.  In June 2018, Fulston violated parole by testing positive for drugs. PSR ¶ 16.  Based on that noncompliance, parole officers searched his cell phone and apartment. PSR ¶ 17.  Fulston's cell phone contained evidence of heroin distribution. PSR ¶ 17.  And his apartment contained a handgun, 182 rounds of ammunition, 1845 glassine envelopes of heroin, and drug packaging materials. PSR ¶¶ 18-20.  Fulston admitted that the drugs and gun belonged to him. PSR ¶ 20.

On February 8, 2023, Fulston pleaded guilty to a three-count Superseding Indictment charging: illegal possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). Dkt. ## 78, 85.  On June 26, 2023, the Honorable Katharine S. Hayden, U.S.D.J., imposed concurrent 48-month sentences on Counts 1 and 2, and a mandatory consecutive 60-month sentence on Count 3. Dkt. # 95.  That 108-month sentence was 184 months below Fulston's advisory Guidelines range of

---

[1] "PSR" refers to the Pre-Sentence Report, which is filed under seal. "Dkt. #" refers to a docket entry in D.N.J. Crim. No. 19-109.

292-to-325 months. PSR ¶ 99.  Judge Hayden entered the Judgment on June 27,

2023. Dkt. # 95.  Despite the 14-day deadline under Fed. R. App. P. 4(b)(1)(A)(i),

Fulston did not file his Notice of Appeal until July 21, 2023. Dkt. # 99.  In that

Notice of Appeal, Fulston claims that 18 U.S.C. § 922(g)(1) is unconstitutional as

applied to him and therefore that conviction "should be dismissed with prejudice."

Dkt. # 99.

**B.    THIS COURT SHOULD DISMISS FULSTON'S UNTIMELY APPEAL.**

Under Fed. R. App. P. 4(b), if the Government does not file a notice of

appeal in a criminal case, the "defendant's notice of appeal must be filed in the

district court within 14 days after . . . the entry of either the judgment or the order

being appealed." Fed. R. App. P. 4(b)(1)(A)(i).  The Judgment was entered on June

27, 2023.  Thus, Fulston's Notice of Appeal was due by July 11, 2023.  Fulston's

*pro se* Notice of Appeal, however, was not filed until July 21, 2023, more than 14

days after entry of the Judgment.

To be sure, Fed. R. App. P. 4(c) provides a mechanism for deeming a notice

of appeal timely where a confined inmate deposits it "in the institution's internal

mail system on or before the last day for filing."  To get the benefit of that rule,

however, the inmate must use the institution's "system designed for legal mail"

and include with his notice of appeal a declaration or evidence of compliance. Fed.

R. App. P. 4(c)(1)(A).

But here, Fulston has made no attempt to satisfy the requirements of that rule by showing that he deposited his Notice of Appeal in "the institution's internal mail system on or before" July 11, 2023. See Dkt. # 99.  That's because his Notice of Appeal is not "accompanied by . . . a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid." Fed. R. App. P. 4(c)(1)(A)(i).  And although Fulston included a July 6, 2023 date on his Notice of Appeal, the postage is dated July 17, 2023 and the postmark is from one day later, Dkt. # 99, meaning that he can't satisfy Rule 4(c)(1)(A)(ii), either, see Fed. R. App. P. 4(c)(1)(A)(ii) ("evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid").  Because the Government objects to Fulston's untimely Notice of Appeal, this appeal must be dismissed. United States v. Muhammud, 701 F.3d 109, 111 (3d Cir. 2012); see Gov't of the V.I. v. Martinez, 620 F.3d 321, 328-29 (3d Cir. 2010) ("Upon proper invocation of the rule when a notice of appeal is filed out of time, we must dismiss the appeal.").

Moreover, "[a]n appellate court cannot enlarge the time for an appeal" under Fed. R. App. P. 26(b)(1). United States v. Vastola, 899 F.2d 211, 220 (3d Cir.), *vacated on other grounds*, 497 U.S. 1001 (1990); see United States v. Robinson, 361 U.S. 220, 223-30 (1960).  There is a grace period within which the *District Court* may extend the time for filing:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Fed. R. App. P. 4(b)(4).  Fulston, however, did not file such a motion with the District Court and that Court has not *sua sponte* granted such an extension.  This appeal, therefore, is untimely and this Court should dismiss it.

## C.   THIS COURT SHOULD SUMMARILY AFFIRM THE JUDGMENT.

Alternatively, this Court should summarily affirm the judgment.  This Court may summarily affirm a judgment where "no substantial question is presented" on appeal. 3d Cir. L.A.R. 27.4 (2011); see 3d Cir. I.O.P. 10.6 (2023).

In his Notice of Appeal, Fulston indicates that he plans to challenge his Count 1 18 U.S.C. § 922(g)(1) conviction under New York State Rifle & Pistol Ass'n v. Bruen, 142 S. Ct. 2111 (2022), and Range v. Attorney Gen., 69 F.4th 96 (3d Cir. 2023) (en banc). Dkt. # 99.[2]  But that is not a "substantial question" in this case.

---

[2] Fulston flags no other issues, and with good reason.  Fulston's "unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues." Washington v. Sobina, 475 F.3d 162, 165-66 & n.5 (3d Cir. 2007); see Class v. United States, 138 S. Ct. 798 801-02 (2018) (guilty plea does not "bar a criminal defendant from later appealing his conviction on the ground that the statute of conviction violates the Constitution").  And any challenges to his sentence would be frivolous—Fulston's 108-month sentence was over *15 years below* the bottom of his advisory Guidelines range.

For starters, Fulston pleaded guilty *after* <u>Bruen</u> was decided and was

sentenced *after* this Court issued <u>Range</u>.  Despite having the benefit of those

opinions, Fulston never challenged his conviction or sought to withdraw his guilty

plea on this ground.  That means he now must show reversible plain error. <u>See</u>

<u>United States v. Agarwal</u>, 24 F.4th 886, 891 (3d Cir. 2022); <u>United States v.</u>

<u>Jabateh</u>, 974 F.3d 281, 298 (3d Cir. 2020).  In order to meet that heavy burden,

Fulston must show that "(1) the district court erred; (2) the error was clear or

obvious; and (3) the 'error affected [his] substantial rights,' which typically means

that there is a reasonable probability that the error affected the outcome of the

proceedings." <u>United States v. Foster</u>, 891 F.3d 93, 113 n.15 (3d Cir. 2018)

(quoting <u>United States v. Stinson</u>, 734 F.3d 180, 184 (3d Cir. 2013)).  Even if those

three conditions are met, this Court has "discretion to remedy the error," which it

will exercise " 'only if the error seriously affects the fairness, integrity, or public

reputation of judicial proceedings.' " <u>Id.</u> (quoting <u>Stinson</u>, 734 F.3d at 184).[3]

Here, Fulston cannot come close to satisfying that heavy burden.  *Initially*,

the Government maintains that <u>Range</u> was wrongly decided and preserves all

---

[3] Although the concurrent sentence doctrine doesn't apply on direct appeal, <u>see</u>
<u>United States v. McKie</u>, 112 F.3d 626, 628 n.4 (3d Cir. 1997), it should be noted
that Fulston's 48-month § 922(g)(1) sentence runs fully concurrently with his
unchallenged § 841 sentence, <u>see</u> Dkt. # 95.  In other words, the only practical
result of a successful challenge to Count 1 would be a refund of the $100 special
assessment, which records show Fulston hasn't yet paid.

arguments in support of that position.  Regardless, <u>Range</u> is easily distinguishable

from this case.

Range filed a civil lawsuit in order to vindicate his right to possess a firearm

for self-defense and recreational purposes. <u>Range</u>, 69 F.4th at 99.  In what it

characterized as a "narrow" holding, this Court agreed that § 922(g)(1) was

unconstitutional as applied to him. <u>Id.</u> at 106.  That's because the Government

couldn't "show that § 922(g)(1), as applied to him, 'is part of the historical

tradition that delimits the outer bounds of the right to keep and bear arms.' " <u>Id.</u> at

103 (quoting <u>Bruen</u>, 142 S. Ct. at 2127).  After all, Range had been convicted in

1995 of a Pennsylvania misdemeanor—"making a false statement on an

application for food stamps"—and had fully "served his sentence." <u>Id.</u> at 98, 105.

Fulston's situation bears no resemblance to that of Range.  Unlike Range,

Fulston's prior convictions include drug distribution, PSR ¶ 55, and aggravated

assault (for shooting someone), PSR ¶ 54.[4]  Moreover, those convictions weren't

old and Fulston hadn't even finished serving the sentences.  In fact, he was *serving*

*parole* for those two convictions when he committed these federal offenses. PSR

¶¶ 54-55, 57.  Specifically, during a lawful parole search of his apartment, law

enforcement officers found a handgun, 182 rounds of ammunition, and 1845

glassine envelopes of heroin. PSR ¶¶ 18-20.  In light of those facts, Fulston

---

[4] Fulston has other prior convictions, including two separate instances of
unlawfully possessing a weapon. PSR ¶¶ 47-53.

pleaded guilty not just to possessing a firearm and ammunition, but doing so *in furtherance of a drug trafficking crime*. PSR ¶¶ 2-5; see 18 U.S.C. § 924(c); Dkt. # 78 (Superseding Indictment).  In other words, this case is nothing like Range. Fulston didn't secure a declaratory judgment before possessing a gun, he isn't a "law-abiding citizen[]," and he admitted that he wasn't using the gun for lawful "self-defense." Bruen, 142 S. Ct. at 2133.

Regardless, even if Fulston could show that Judge Hayden erred by not *sua sponte* finding that § 922(g)(1) was unconstitutional as applied to him—and he clearly cannot—he can't show that such an error was " 'clear' or 'obvious' under current law." United States v. Tann, 577 F.3d 533, 537 (3d Cir. 2009).  Indeed, the Supreme Court has noted that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful regulatory measures," District of Columbia v. Heller, 554 U.S. 570, 626-27 & n.26 (2008); see Bruen, 142 S. Ct. at 2157 (Alito, J., concurring); id. at 2162 (Kavanaugh, J., concurring), and no other Circuit has concluded that the Government failed to carry its burden to demonstrate § 922(g)(1)'s constitutionality as applied to a person with a felony conviction, see United States v. Jackson, 69 F.4th 495, 501-06 (8th Cir. 2023). That leaves Range.  But as explained above, the "narrow," as-applied holding in that case plainly doesn't apply to the facts of this case. Range, 69 F.4th at 106.  In other words, there is no Circuit authority that would support Fulston's argument

8

that § 922(g)(1) is unconstitutional as applied to someone who (like Fulston)

possessed a gun and ammunition to further a drug trafficking business while

serving parole for drug distribution and aggravated assault.  Fulston, therefore,

can't show that any error was clear or obvious under current law.  See United States

v. Clark, 237 F.3d 293, 298-99 (3d Cir. 2001) (no plain error where defendant fails

to cite any controlling authority for his position).

### CONCLUSION

Accordingly, the United States respectfully requests that this Court dismiss

Fulston's untimely appeal or, alternatively, summarily affirm the judgment under

3d Cir. L.A.R. 27.4 (2011).  Pending decision on this motion, the United States

respectfully requests that this Court stay the issuance of a briefing schedule.

Respectfully submitted,
PHILIP R. SELLINGER
United States Attorney

By:   JOHN F. ROMANO
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
(973) 645-2866

Dated: August 23, 2023

## CERTIFICATION OF COMPLIANCE

I hereby certify that this motion contains 2080 words and therefore does not exceed the 5200-word limit set forth in Fed. R. App. P. 27(d)(2)(A).

_____

John F. Romano
Assistant U.S. Attorney

Dated: August 23, 2023

## CERTIFICATION OF SERVICE

I hereby certify that I caused a copy of the attached motion to be served on August 23, 2023, by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on the following Filing User:

Stacy A. Biancamano, Esq.
sbiancamano@biancamanolaw.com

_____
John F. Romano
Assistant U.S. Attorney

Dated: August 23, 2023